1  Jennifer S. Romano (CSB No. 195953)
   jromano@crowell.com
2  CROWELL & MORING LLP
   515 South Flower St., 40th Floor
3  Los Angeles, CA 90071
   Telephone: (213) 622-4750
4  Facsimile: (213) 622-2690

5  Joel D. Smith (CSB No. 244902)
   jsmith@crowell.com
6  Rebecca M. Suarez (CSB No. 284853)
   rsuarez@crowell.com
7  CROWELL & MORING LLP
   275 Battery Street, 23rd Floor
8  San Francisco, CA  94111
   Telephone: 415.986.2800
9  Facsimile: 415.986.2827

10

   Attorneys for FLOWERS BAKERIES, LLC
11

12              **UNITED STATES DISTRICT COURT**

13    **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

14
   KELLY ROMERO, on behalf of herself and       Case No. 5:14-cv-05189
15 others similarly situated,
                                                 CLASS ACTION
16                      Plaintiff,
                                                 **JOINT CASE MANAGEMENT**
17          v.                                   **STATEMENT**

18 FLOWERS BAKERIES, LLC dba                     Date:  April 16, 2015
   NATURE'S OWN, a Georgia limited               Time:  1:30 p.m.
19 liability company, and DOES 1 through 50,     Courtroom:  3 (5th Floor)
   inclusive,                                    Judge:  Hon. Beth Labson Freeman
20
                        Defendant.
21

22

23

24

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

                                                           Case No. 5:14-cv-05189

            JOINT CASE MANAGEMENT CONFERENCE STATEMENT

The parties, Plaintiff Kelly Romero and Defendant Flowers Bakeries, LLC ("Flowers"), jointly submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9 and this Court's January 23, 2015 Notice Resetting Case Management Conference (Doc. No. 18).

## 1.     Jurisdiction and Service

At this time, Defendant Flowers is unaware of any issues with respect to service of the Complaint, personal jurisdiction or venue.  However, the parties do not agree that this Court has subject matter jurisdiction over all of the allegations in the Complaint.

PLAINTIFF:  This Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 18 U.S.C. § 1332(d), because this is a putative class action whereby: (i) the proposed nationwide class consists of more than 100 members; (ii) at least some class members have a different citizenship from the defendant; and (iii) the claims of the proposed class exceed $5,000,000.00 in the aggregate.

Plaintiff has standing to assert claims for products that she purchased and substantially similar products.  She is entitled to injunctive relief because she is a regular purchaser of Defendant's products, and she will proffer evidence showing the likelihood of future injury if Defendant's violations are not rectified.  Plaintiff's claims relating to Nature's Own Whitewheat® bread and Honey Wheat bread are not subject to preemption, nor does the doctrine of primary jurisdiction apply.

DEFENDANT:

As set forth in Flowers' Motion to Dismiss or Stay Pursuant to Rule 12(b)(1) and 12(b)(6) (Doc. No. 13) (referred to hereinafter as the "motion to dismiss"), Plaintiff lacks standing to sue over products that she did not purchase and her allegations fail to support standing to obtain injunctive relief.  In addition, to the extent that Plaintiff alleges that Nature's Own Whitewheat® bread and Honey Wheat bread is misleadingly labeled, her claims are subject to dismissal on preemption grounds.

/ / /

/ / /

2.     **Facts**

    PLAINTIFF:  In this putative class action, Plaintiff seeks to represent a nationwide class of consumers who purchased certain Defendant's products within the last four years.  Plaintiff alleges that Defendant's products are postured to appeal to health-conscious consumers, most obviously and directly through Defendant's the brand name—"Nature's Own"—together with representations on the labels and in promotional materials that its bread contains "no artificial preservatives, colors and flavors" and "no high fructose corn syrup," and that "[a]nything artificial is against our nature," all of which suggest that its breads are natural, wholesome, and healthy.  Defendant also labels some of its white breads, including Honey Wheat Bread and Whitewheat® Bread, as wheat breads in order to mislead consumers who are in the market for whole grain wheat.  Additionally, some of Nature's Own bread products explicitly claim to be "All Natural" on the front labels.

    Defendant's representations are false owing the presence, until at least 2013, in its products of a highly suspect and controversial chemical additive—azodicarbonamide, or ADA, also known as the "yoga mat" chemical.  Furthermore, contrary to its representations, Defendant's "All Natural" bread actually contains a host of such unnatural ingredients, including enriched flour, folic acid, soybean oil, thiamine mononitrate, lecithin, riboflavin, raisin juice concentrate as a color additive, and "enzymes."  Moreover, the branding of Defendant's bread as "Whitewheat" or "Honey Wheat" is also false and deceptive because such labels suggest that the products are whole wheat breads and therefore healthier when in fact they are merely white breads.  Defendant's Honey Wheat and Whitewheat Breads are not made entirely or even predominately from whole wheat flour, but rather are predominantly made from sugar, honey, and "enriched" flour, along with numerous chemical additives and preservatives.  Similarly, Defendant's Whitewheat actually contains no white wheat (i.e., albino wheat—a form of whole grain wheat) or indeed whole wheat of any kind, the primary ingredient being enriched flour, with a host of chemical additives and preservatives.  Based on Defendant's false representations, Plaintiff alleges that Defendant has violated state law.

/ / /

DEFENDANT:

Flowers is a Georgia-based company whose subsidiaries produce breads and other baked goods, including Nature's Own brand breads.  Flowers sells many different kinds of baked products under the Nature's Own brand, including whole wheat bread, multi-grain bread, hot dog and hamburger buns, and reduced-calorie bread.  Plaintiff Kelly Romero allegedly bought four of those products:  Honey Wheat bread, Whitewheat® bread, 100% Whole Wheat bread and 100% Whole Wheat with Honey bread.

On October 20, 2014, Plaintiff filed a putative class action complaint against Flowers, seeking, among other relief, injunctive relief and damages (the "Complaint").  Plaintiff alleges the following claims in her Complaint:  (1) unlawful business practices under California's Unfair Competition Law ("UCL"); (2) unfair business practices under the UCL; (3) fraudulent business practices under the UCL; (4) misleading advertising under California's False Advertising Law ("FAL"); (5) untrue advertising under the FAL; (6) violation of California's Consumers Legal Remedies Act ("CLRA"); (7) restitution based on quasi-contract/unjust enrichment; (8) common law fraud; (9) negligent misrepresentation; and (10) breach of contract.  The Complaint bases each claim on separate and distinct allegations concerning Nature's Own products.

First, Plaintiff alleges that Nature's Own Whitewheat® and Honey Wheat breads are deceptive because (in her opinion) the use of the word "wheat" in the product name indicates that they are whole wheat breads, when in fact they are white or enriched breads (hereinafter, the "wheat allegations").

Contrary to Plaintiff's allegations, however, neither Whitewheat®, Honey Wheat or any other Nature's Own product is deceptively marketed as whole wheat bread.  As Plaintiff has acknowledged in this case, wheat is an ingredient in most breads, including both Whitewheat® and Honey Wheat.  Moreover, Flowers offers a wide variety of breads to suit individual tastes, and labels its Nature's Own enriched breads and whole wheat breads very differently.  Unlike Honey Wheat or Whitewheat®, for example, Flowers expressly labels Nature's Own whole wheat breads—including breads that Plaintiff purchased—as "100% whole wheat," and Plaintiff does not (because she cannot) allege that those products are falsely labeled as whole wheat

1   breads.  What is more, Plaintiff alleges that Whitewheat® and Honey Wheat breads should be

2   labeled "enriched bread" in order to alert consumers like her that they are not whole wheat

3   breads.  And yet, the front packaging of both breads are properly labeled in capitalized letters

4   "ENRICHED BREAD," thereby putting Plaintiff on further notice that they are not whole wheat

5   breads.

6       Second, as an apparent fallback theory, Plaintiff also alleges that "some" of Nature's Own

7   products are mislabeled "all natural" when (according to Plaintiff) they contain artificial

8   ingredients.  Plaintiff does not, however, allege in her Complaint which products are supposedly

9   labeled "all natural," why each product is mislabeled, or that she specifically relied on alleged "all

10  natural" labeling when making her purchase decisions.  In any event, contrary to Plaintiff's

11  allegations, none of Nature's Own products were falsely labeled "all natural."[1]

12       **3.    Legal Issues**

13      PLAINTIFF:  Plaintiff alleges the following eleven causes of action: (i) unlawful business

14  practices in violation of California Business and Professions Code § 17200, *et seq.* (the "UCL"),

15  (ii) unfair business practices in violation of the UCL; (iii) fraudulent business practices in

16  violation of the UCL; (v) misleading advertising in violation of California Business and

17  Professions Code § 17500, *et seq.* (the "FAL"); (vi) untrue advertising in violation of the FAL;

18  (vii) violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*;

19  (viii) restitution based on quasi-contract / unjust enrichment; (ix) common law fraud; (x)

20  negligent misrepresentation; and (xi) breach of contract.

21      DEFENDANT:

22      Flowers denies all liability arising from Plaintiff's claims and, as set forth in its pending

23  motion to dismiss, Plaintiff's claims should be dismissed in their entirety as a matter of law; or, to

24  the extent that any claims survive, they should be substantially narrowed.

25          [1] In her opposition to Flowers' pending motion to dismiss, Plaintiff contends that her

26  claims are also premised on the allegation that certain unidentified breads, during unidentified
    periods of time, are misleadingly labeled because the products contained the ingredient

27  azodicarbonamide ("AZO").  Those allegations fail for similar reasons as Plaintiff's "all natural"
    allegations.

28

In addition, assuming any claims survive the pleading stage, additional legal issues must be addressed, including but not limited to the following:

    a.   Whether Plaintiff can prove that Flowers engaged in any unlawful, unfair or fraudulent conduct.

    b.   Whether Plaintiff can prove that Flowers is liable for negligent misrepresentations.

    c.   Whether Plaintiff can prove that Flowers is liable for breach of contract.

    d.   Whether Plaintiff's claims are suitable for class certification.

    e.   Whether Plaintiff and/or members of the putative classes can recover statutory damages under Civil Code § 1780.

    f.   Whether Plaintiff and/or members of the putative classes can recover compensatory or punitive damages.

    g.   Whether Plaintiff and/or members of the putative classes can obtain declaratory or injunctive relief.

    h.   Whether Plaintiff and/or members of the putative classes are entitled to an award of attorneys' fees and costs.

    i.   Whether Plaintiff and/or members of the putative classes are entitled to an order requiring the imposition of a constructive trust.

    j.   Whether Plaintiff is entitled to a jury trial with respect to all of her alleged claims.

## 4. **Motions**

PLAINTIFF:  Plaintiff intends to file a motion for class certification after having an appropriate time to conduct discovery.  Plaintiff may also file a motion for summary judgment after the completion of sufficient discovery.

DEFENDANT:

On January 2, 2015, Flowers filed its motion to dismiss (Doc. No. 13).  That motion has been fully briefed by the parties and a hearing is scheduled for April 16, 2015.  If any claims survive Flowers' motion to dismiss, then Flowers may file, as appropriate, a further motion to dismiss any amended complaint and/or a motion for summary judgment.

## 5. **Amendment of Pleadings**

No amendments to the pleadings have been filed and none are anticipated at this time.

**6.**     **Evidence preservation**

PLAINTIFF:

Plaintiff is aware of her duties regarding the preservation of discoverable information and agrees to take reasonable measures to comply with those duties as required by the Federal Rules of Civil Procedure and Local Rules.  Plaintiff has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.

DEFENDANT:

Flowers has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and has taken reasonable and necessary steps to preserve evidence relevant to the issues in this action.

The parties will conduct the Rule 26(f) conference during the week of April 20, 2015, or sooner.  The parties will discuss the scope and nature of discovery and whether any additional steps may be necessary to ensure the preservation of relevant evidence.

**7.**     **Disclosures**

PLAINTIFF:  The parties have not yet exchanged initial disclosures.  Plaintiff believes that initial disclosures should be made as soon as practicable, but in no case later than fourteen days following the Rule 26(f) conference.

DEFENDANT:

In light of the pending motion to dismiss, which potentially will be dispositive of this case, Flowers respectfully submits that it is efficient and reasonable to defer the exchange of initial disclosures until after the Court rules on the motion to dismiss.  (*See* Section 8 below.) Upon approval of the Court, Flowers will be prepared to exchange disclosures, if necessary, within 14 days after the motion is decided and the pleadings are at rest.

**8.**     **Discovery**

Neither party has served any formal discovery.

PLAINTIFF:

Neither party has served discovery.  At present, no changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rules need to be made.

1    Plaintiff intends to seek full discovery as soon as practicable after the Case Management

2    Conference, directed to, among other things, Defendant's marketing strategies for the misbranded

3    food products sold to Plaintiff and the class and the amount of sales and/or profit derived

4    therefrom.  Plaintiff believes that she may need to exceed the deposition and interrogatory

5    limitations provided under the Federal Rules and will meet and confer as necessary to address

6    these issues as they arise before bringing such issues before the Court.  Plaintiff does not believe

7    bifurcation of discovery into "class" and "merits" phases is necessary, practical, or appropriate

8    here.  Because there will be significant overlap among the issues relevant to class certification

9    and class liability, Plaintiff believes that any attempt to bifurcate discovery will result in greater

10   inefficiency and may generate endless disputes about line-drawing.

11   In addition, as courts have recognized, there is no requirement that "class" discovery be

12   bifurcated from merits or individual discovery.  *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39,

13   41 (N.D. Cal. 1990) ("An order restricting discovery to class issues would be impracticable

14   because of the closely linked issues, and inefficient because it would be certain to require ongoing

15   supervision of discovery"); *Harriss v. Pan Am. World Airways, Inc.*, 74 F.R.D. 24, 36 (N.D. Cal.

16   1977) (finding that facts relevant to the class action determination and definition may largely

17   overlap with those relevant to the merits); *Barnhart v. Safeway Stores, Inc.*, No. S92-0803 WBS,

18   1992 WL 443561, *9 (E.D. Cal. Dec. 14, 1992) (declining to limit discovery to "class" related

19   matters noting that the court should have all information that it might find relevant).

20   Indeed, as the Manual for Complex Litigation – Fourth makes clear, "Courts have

21   recognized that information about the nature of the claims on the merits and the proof that they

22   require is important to deciding certification.  Arbitrary insistence on the merits/class discovery

23   distinction sometimes thwarts the informed judicial assessment that current class certification

24   practice emphasizes."  *See* Federal Judicial Center, Manual for Complex Litigation – Fourth, §

25   21.14 (2004).

26   Consequently, Plaintiff proposes an initial period of discovery focused on what the parties

27   believe they need to present for the Motion for Class Certification to this Court.  In the initial

28   period of class-focused discovery, neither party would be prevented from taking merits discovery

1  since merits and class discovery often overlap.  However, it does permit the parties to narrow the

2  amount of discovery they need to take prior to class certification knowing they can complete any

3  merits discovery not taken after the Court rules on class certification.  Once the Court rules on

4  class certification, the parties can review the Court's decision and determine in light of that

5  decision what additional merits discovery is needed and what merits discovery is not needed and

6  propose an appropriate remaining pre-trial schedule to the Court.  The parties would then be

7  permitted to complete merits discovery to the extent it does not duplicate or repeat discovery

8  already taken by that party.  Plaintiff's proposed process promotes efficiency and avoids needless

9  costs by permitting the parties to avoid discovery that the Court's class certification decision may

10  show is not needed.  It is true that to some degree this structure relies on the professionalism,

11  experience and cooperation of all counsel to be most effective.  Plaintiff's believes the counsel in

12  this case will make this structure successful.

13       To the extent Defendant believes that Plaintiff's discovery is burdensome or otherwise

14  objectionable, the proper way to address that is through the meet-and-confer process.

15       <u>DEFENDANT:</u>

16       With the pending motion to dismiss, it is premature to discuss the format and scope of

17  discovery at this time.  Discovery should not commence until after the Court has ruled on

18  Flowers' pending motion to dismiss.  As the Ninth Circuit explained in *Rutman Wine*, "[t]he

19  purpose of F.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of

20  complaints without subjecting themselves to discovery," and thus courts may resolve motions to

21  dismiss before "forcing the parties to undergo the expense of discovery."  *Rutman Wine Co. v. E*

22  *& J Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).  Addressing discovery issues at this

23  juncture is further premature given that the parties have not yet conducted their Rule 26(f)

24  conference.

25       **9.**    **Class Actions**

26       <u>PLAINTIFF:</u>  Pursuant to Civil L.R. 16-9(b), any party seeking to maintain a case as a

27  class action must include in the case management statement the following additional information:

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

1

2

3     **1.     The Specific Paragraphs of Fed. R. Civ. P. 23 under which the Action is Maintainable as a Class Action**

4     This action is maintainable as a class action under Rule 23, paragraphs (a), (b)(2) and

5     (b)(3).

6     **2.     A Description of the Class or Classes in Whose Behalf the Action Is Brought**

7     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure

8     23(b)(2) and 23(b)(3) on behalf of a California or, where stated, nationwide class of consumers:

9     (1)    All persons who purchased Nature's Own products containing azodicarbonamide

10           from four years prior to the filing of the Complaint and continuing to the present.

11     (2)    All persons who purchased Nature's Own Honey Wheat Bread or Whitewheat

12           Bread from four years prior to the filing of the Complaint and continuing to the present.

13     (3)    All persons who purchased Nature's Own breads labeled "All Natural" from four

14           years prior to the filing of the Complaint and continuing to the present but

15           containing identified synthetic, artificial, highly processed ingredients and/or chemical preservatives.

16     **3.     Facts Showing That Plaintiffs Are Entitled to Maintain the Action under Fed. R. Civ. P. 23(a) and (b)**

17

18     The members of the class are so numerous that joinder of all members is impractical, if

19     not impossible.  Plaintiff is informed and believes that the total number of class members is likely

20     to be at least thousands of individuals.  Plaintiff's claims are typical of those of the class because

21     Plaintiff, like each member of the class, purchased Defendant's misbranded food products that

22     contain either the same misleading language or which all lack the required language on their

23     packaging.

24     Plaintiff is an adequate representative of the class because Plaintiff's claims are typical of

25     those of the class, and Plaintiff has the same interests in the litigation of this case as the other

26     class members.  Plaintiff is committed to vigorous prosecution of this case, and has retained

27     competent counsel, experienced in litigating large, complex class actions.  Plaintiff is not subject

28     to any individual defenses unique from those conceivably applicable to the class as a whole.

1   Plaintiff anticipates no management difficulties in this litigation.

2          A class may be certified and maintained under Federal Rule of Civil Procedure 23(b)(2)

3   because Defendant has acted on grounds generally applicable to the entire class by selling

4   misbranded food products using the same labels and advertising to Plaintiff and the class, thereby

5   making appropriate final injunctive or corresponding declaratory relief with respect to the class as

6   a whole.

7          In addition, a class may be also be certified under Federal Rule of Civil Procedure

8   23(b)(3).  Each member of the class has been damaged and is entitled to recovery as a result of

9   Defendant's common, uniform, and unfair practices of selling misbranded products to Plaintiff

10  and the class.  There are questions of law and fact common to the class that predominate over any

11  questions affecting only individual members of the class, including without limitation, all of the

12  following:

13          a.   Whether Defendant's conduct was a "fraudulent practice" within the meaning of

14               the Unfair Competition Law ("UCL"), Business & Professions Code § 17200, in

15               that it was likely to mislead consumers;

16          b.   Whether Defendant's conduct was an "unfair practice" within the meaning of the

17               UCL in that it offended established public policy and is immoral, unethical,

18               oppressive, unscrupulous or substantially injurious to consumers;

19          c.   Whether Defendant's conduct was an "unlawful" practice within the meaning of

20               the UCL;

21          d.   Whether Defendant's conduct was likely to deceive a consumer acting

22               reasonably in the same circumstances;

23          e.   Whether Defendant advertises or markets the misbranded products in a way that

24               is false or misleading;

25          f.   Whether Defendant violated California Business and Professions Code          §

26               17500, *et seq.*;

27          g.   Whether Defendant violated California Civil Code § 1750, *et seq.*;

28

h.   Whether Plaintiff and members of the putative class are entitled to restitution, injunctive, declaratory and/or other equitable relief;

i.   Whether Defendant has been unjustly enriched through the misrepresentations alleged herein;

j.   Whether Defendant knew or should have known that the labeling representations were false;

k.   Whether Defendant negligently misrepresented, concealed, or omitted a material fact regarding the true characteristics of the misbranded products;

l.   Whether Defendant breached their contracts with Plaintiff and members of the putative class; and

m.   Whether Plaintiff and the members of the class sustained monetary loss.

### 4.   A Proposed Date for the Court to Consider Whether the Case Can Be Maintained as a Class Action

Plaintiff proposes the following schedule for class certification briefing, which takes into account the fact that Defendant has not yet begun to produce documents and gives the parties more time to oppose and reply than is usual under Northern District rules:

Plaintiff's Motion for Class Certification:   December 16, 2015

Defendant's Opposition:   January 13, 2016

Plaintiff's Reply:   January 27, 2016

Plaintiff believes that discovery of experts, to the extent necessary, can readily be completed within this proposed briefing schedule, particularly given that "dueling" between experts "is not relevant to the certification determination." *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 292 (2d Cir. 1999) (internal quotations and citations omitted).  Plaintiff proposes that the parties agree beforehand to make experts available in designated periods, and otherwise to work cooperatively to facilitate any discovery on an expedited basis.

Plaintiff respectfully suggests that the Court schedule a case management conference following its ruling on Plaintiff's motion for class certification to schedule all additional class, merits, and other remaining pre-trial proceedings.

DEFENDANT:

Flowers disputes Plaintiff's allegations that the action is properly maintainable as a class action.  Further, in light of the pending motion to dismiss, which potentially will be dispositive of this case, it is premature to address class issues at this time or to determine a schedule for a class certification motion until after the Court rules on the pending motion to dismiss.

**10.    Related Cases**

A lawsuit against Flowers raising allegations similar to the wheat allegations raised here is pending in the Superior Court of the District of Columbia, *Nat'l Consumers League v. Flowers Bakeries, LLC*, Case No. 2013-CA-006550 B, filed Sept. 26, 2013.

**11.    Relief**

PLAINTIFF:  Based on Defendant's conduct asserted in the Complaint, Plaintiff seeks the following relief:

(1)    An order certifying that the action is properly brought and may be maintained as a class action, that Plaintiffs be appointed the class representatives, and that Plaintiffs' counsel be appointed counsel for the class;

(2)    Restitution in such amount that Plaintiff and all putative class members paid to purchase the subject products, or the premiums paid therefor on account of the misrepresentation as alleged above, or restitutionary disgorgement of the profits Defendant has obtained from those transactions;

(3)    Compensatory damages for causes of action for which they are available;

(4)    Statutory damages allowable under Civil Code § 1780;

(5)    Punitive damages for causes of action for which they are available;

(6)    A declaration and order enjoining Defendants from advertising their products misleadingly in violation of California's Sherman Food, Drug, and Cosmetic Law, and other applicable laws and regulations as specified in this Complaint;

(7)    An order awarding reasonable attorneys' fees and the costs of suit herein;

(8)    An award of pre- and post-judgment interest;

(9)    For an order requiring an accounting for, and imposition of, a constructive trust

1    upon all monies received by Defendant's as a result of the unfair, misleading, fraudulent and

2    unlawful conduct alleged herein; and

3        (10)    Such other and further relief as may be deemed necessary or appropriate.

4        **DEFENDANT:**

5        Plaintiff is not entitled to any relief in this action, and Flowers further disputes that

6    damages can be calculated or ascertained on a class-wide basis.  In light of the pending motion to

7    dismiss, which potentially will be dispositive of this case, Flowers respectfully submits that it is

8    premature to address relief issues at this time.

9        **12.    <u>Settlement and ADR</u>**

10       <u>PLAINTIFF:</u>  Plaintiff is agreeable to private mediation and/or mediation through the

11   Court's ADR program.

12       <u>DEFENDANT:</u>

13       Defendant has complied with ADR Local Rule 3-5, and on March 3, 2015, the parties

14   participated in an ADR teleconference with the ADR Program Director Howard Herman.  A

15   second ADR teleconference with Mr. Herman is scheduled for June 2, 2015.  As stated at the

16   March 3, 2015 ADR teleconference, Flowers is generally amenable to participating in ADR

17   where it is appropriate to do so.  However, Flowers believes strongly that its motion to dismiss is

18   meritorious.  Flowers will consider private mediation, if appropriate, after its motion to dismiss is

19   decided and the pleadings are at rest.

20       **13.    <u>Consent to Magistrate</u>**

21       On December 3, 2014, Flowers filed a Declination to Proceed Before a Magistrate Judge.

22   (Doc. No. 9).  The case was subsequently assigned to Judge Beth Labson Freeman.

23       **14.    <u>Other References</u>**

24       The parties do not believe the case is suitable for reference to binding arbitration, a special

25   master, or the Judicial Panel on Multidistrict Litigation at this time.

26

27

28

15. **Narrowing of Issues**

PLAINTIFF:  Plaintiff is not currently aware of any issues that can be narrowed by agreement.  If any or all of Plaintiff's claims survive the pleadings stage, however, Plaintiff is willing to meet and confer regarding narrowing the products or claims remaining at issue.

DEFENDANT:

As described in Section 3 above, Flowers' pending motion to dismiss seeks to either dispose of the case in its entirety or narrow several issues.  After the Court rules on Flowers' motion, and assuming any claims survive, Flowers will be in a better position to determine if issues can be further narrowed by agreement or motion.

16. **Expedited Trial Procedure**

The parties do not believe that this case can be handled on an expedited basis with streamlined procedures.

17. **Scheduling**

PLAINTIFF:  *See* Section 9.4.

DEFENDANT:

In light of the pending motion to dismiss, which potentially will be dispositive of this case or significantly narrow the issues, Flowers' position is that it is premature to address scheduling issues at this time and that setting a pre-trial schedule and a trial date should be deferred until after the Court rules on the pending motion.  In the event that Plaintiff's claims survive the pleading stage, Flowers will be prepared to promptly meet and confer with counsel for Plaintiff regarding a proposed schedule.

18. **Trial**

PLAINTIFF:  Plaintiff has requested a jury trial with respect to claims that may be so adjudicated.  Plaintiff respectfully submits that it is premature to set trial dates or estimate the length of trial.

DEFENDANT:

Plaintiff has requested a jury trial, although no right to a jury trial exists with respect to her claims for unjust enrichment or violations of the UCL and FAL.  *See*, *e.g.*, *Matthew Bender*

1    *Practice Guide: California Unfair Competition and Business Torts* (2014), § 1.09, pp.1-21 (citing

2    *People v. First Fed. Credit Corp.*, 2014 Cal. App. 4th 721, 732-733 (2002)).  Flowers respectfully

3    submits that until the pleadings are resolved and it is determined which claims survive, if any, it is

4    premature to set trial dates or estimate the length of trial.

5            **19.**    <u>**Disclosure of Interested Entities**</u>

6            <u>PLAINTIFF:</u>  Plaintiff is unaware of any persons, firms, partnerships, corporations

7    (including parent corporations) or other entities known by them to have either:  (i) a financial

8    interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind

9    of interest that could be substantially affected by the outcome of the proceeding.

10           <u>DEFENDANT:</u>

11           Defendant Flowers filed a Certificate of Interested Parties and a Corporate Disclosure

12   Statement on November 24, 2014.  (Doc Nos. 3-4.)  Pursuant the Standing Order for All Judges

13   of the Northern District of California, Flowers restates the contents of its Certification of

14   Interested Parties below:

15                      Pursuant to Civil L.R. 3-15, [Flowers] certifies that the following
                        listed persons, associations of persons, firms, partnerships,
16                      corporations (including parent corporations) or other entities (i)
                        have a financial interest in the subject matter in controversy or in a
17                      party to the proceeding, or (ii) have a non-financial interest in that
                        subject matter or in a party that could be substantially affected by
18                      the outcome of this proceeding:  Flowers Foods, Inc. (Parent).

19           **20.**    <u>**Professional Conduct**</u>

20           All attorneys of record for the parties have reviewed the Guidelines for Professional

21   Conduct for the Northern District of California.

22           **21.**    <u>**Other Matters**</u>

23           The parties are presently unaware of any other matters that may facilitate the just, speedy

24   and inexpensive disposition of this matter.

25

26

27

28

CROWELL
& MORING LLP
ATTORNEYS AT LAW

| 15 | Case No. 5:14-cv-05189 |
|---|---|
| JOINT CASE MANAGEMENT CONFERENCE STATEMENT | |

1    Dated:  April 9, 2015                         Respectfully submitted,

2

3                                                  CROWELL & MORING, LLP

4                                          By:     /s/ Joel D. Smith

5                                                  Joel D. Smith
                                                   Attorneys for Defendant
6                                                  Flowers Bakeries, LLC

7

8

9                                                  COUNSELONE, P.C.

10                                         By:     /s/ Anthony Orshansky

11                                                 Anthony Orshansky
                                                   Attorneys for Plaintiff
12                                                 Kelly Romero

13

14

15

16

17

18

19

20

21

22

23

24          I, Joel D. Smith, am the ECF User whose ID and password are being used to file this

25   document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the

26   filing of the document has been obtained from each of the other signatories.

27                                         By:     /s/ Joel D. Smith
                                                   Joel D. Smith
28