1  Jennifer S. Romano (CSB No. 195953)
   jromano@crowell.com
2  CROWELL & MORING LLP
   515 South Flower St., 40th Floor
3  Los Angeles, CA 90071
   Telephone: (213) 622-4750
4  Facsimile: (213) 622-2690

5  Joel D. Smith (CSB No. 244902)
   jsmith@crowell.com
6  Rebecca M. Suarez (CSB No. 284853)
   rsuarez@crowell.com
7  CROWELL & MORING LLP
   275 Battery Street, 23rd Floor
8  San Francisco, CA  94111
   Telephone: 415.986.2800
9  Facsimile: 415.986.2827

10

   Attorneys for FLOWERS BAKERIES, LLC
11

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| KELLY ROMERO, on behalf of herself and others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>FLOWERS BAKERIES, LLC dba NATURE'S OWN, a Georgia limited liability company, and DOES 1 through 50, inclusive,<br><br>        Defendant. | Case No. 5:14-cv-05189<br><br>CLASS ACTION<br><br>**DEFENDANT FLOWERS BAKERIES, LLC'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS OR STAY FIRST AMENDED COMPLAINT**<br><br>Date:    December 3, 2015<br>Time:    9 a.m.<br>Judge:   Hon. Beth Labson Freeman |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 2

    I.    Plaintiff's Arguments Against Dismissal Lack Legal Support And Should Be Rejected ............................................................................................................ 2

        A.    The Wheat Allegations Fail To Support Any Claim As A Matter Of Law ................................................................................................................ 2

            1.    Issue Preclusion Does Not Apply ................................................... 2

            2.    Plaintiff Fails To Allege Reasonable And Justifiable Reliance To Support Her Wheat Allegations ............................... 5

            3.    Plaintiff Fails To Distinguish Flowers' Authorities Demonstrating That The Reasonable Consumer Standard Is Not Satisfied ................................................................................ 7

            4.    Plaintiff's Preemption Arguments Cannot Be Reconciled With This Court's May 6, 2015 Order ......................................... 8

        B.    The All-Natural And AZO Allegations Fail To Support Any Claim As A Matter Of Law ................................................................................... 10

            1.    The All-Natural Allegations Are Deficient Because Plaintiff Does Not Unambiguously Allege That She Saw And Relied On Any Nature's Own Labeling That A Product Was "All-Natural" ........................................................................................ 10

            2.    The All-Natural And AZO Allegations Fail To Satisfy Rule 9(b) ................................................................................................. 10

            3.    The All-Natural And AZO Allegations Fail To Support Standing With Respect To Non-Purchased Products .................... 12

        C.    Plaintiff's Failure To Allege Which Law Governs Her Common Law Claims Is A Pleading Deficiency, Not A Choice-Of-Law Issue ........ 13

    II.    Alternatively, The Court Should Stay This Case Pending Resolution Of *Brazil* And *Jones* ........................................................................................... 13

        A.    Plaintiff Ignores Five Other Food Labeling Cases In The Northern District That Have Been Stayed Pending The Resolution Of *Brazil* And *Jones* ................................................................................................. 13

        B.    Staying The Litigation Will Not Result In Hardship Or Damage To The Parties And Will Instead Promote The Orderly Course Of Justice ............................................................................................................ 14

CONCLUSION .............................................................................................................................. 15

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ang v. Bimbo Bakeries US, Inc.*,
  2014 WL 1024182 (N.D. Cal. Mar. 13, 2014) ................................................................. 12, 13

*Appling v. State Form Mut. Auto. Ins. Co.*,
  340 F.3d 769 (9th Cir. 2003) ..................................................................................................... 3

*Astiana v. Ben & Jerry's Homemade, Inc.*,
  2011 WL 2111796 (N.D. Cal. March 26, 2011) ..................................................................... 12

*Astiana v. Hain Celestrial Grp, Inc.*,
  783 F. 3d 753 (9th Cir. 2015) ............................................................................................. 5, 8

*Brazil v. Dole Food Co., Inc.*,
  2013 WL 5312418 (N.D. Cal. Sept. 23, 2013) ................................................................ *passim*

*In re Clorox Consumer Litig.*,
  894 F. Supp. 2d 1224 (N.D. Cal. 2012) ................................................................................. 13

*Colucci v. Zone Perfect Nutrition Co.*,
  2012 U.S. Dist. LEXIS 183050 (N.D. Cal. Dec. 28, 2012) ............................................... 12, 13

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Servs., Inc.*,
  911 F.2d 242 (9th Cir. 1990) ..................................................................................................... 6

*Crown Oil & Wax Co. of Delaware v. Safeco Ins. Co. of Am.*,
  429 A.2d 1376 (D.C. App. 1981) .............................................................................................. 3

*Dahlgren v. Audiovox Comms. Corp.*,
  2010 WL 2710128 (D.C. Super. July 8, 2010) ......................................................................... 4

*Davis v. Davis*,
  663 A.2d 499 (D.C. App. 1995) ................................................................................................ 3

*In re DirectTV Early Cancellation Litig.*,
  738 F. Supp. 2d 1062 (C.D. Cal. 2010) .................................................................................... 3

*Fin. Acquisition Partners LP v. Blackwell*,
  440 F.3d 278 (5th Cir. 2006) ..................................................................................................... 3

*Forcellati v. Hyland's*,
  876 F. Supp. 2d 1155 (C.D. Cal. 2012) ................................................................................. 13

*Gitson v. Trader Joe's Co.*,
  2014 WL 1048640 (N.D. Cal. March 14, 2014) ..................................................................... 10

-ii-   Case No. 5:14-cv-05189

REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

CROWELL & MORING LLP
ATTORNEYS AT LAW

*Gustavson v. Mars Inc.*,
   2014 WL 6986421 (N.D. Cal. Dec. 10, 2014) .................................................................. 13, 14

*Ham v. Hain Celestial Grp., Inc.*,
   2014 WL 4965959 (N.D. Cal. Oct. 3, 2014) ................................................................... 10, 11

*Henderson v. J.M. Smucker Co.*,
   2011 WL 1050637 (C.D. Cal. March 17, 2011) ...................................................................... 6

*Hynix Semiconductor, Inc. v. Rambus, Inc.*,
   897 F. Supp. 2d 939 (N.D. Cal. 2012) ...................................................................................... 4

*JMP Secs. LLP v. Altair Nanotechnologies Inc.*,
   880 F. Supp. 2d 1029 (N.D. Cal. 2012) .................................................................................. 13

*Kasky v. Nike, Inc.*,
   27 Cal. 4th 939 (2002) .............................................................................................................. 6

*KEMA, Inc. v. Koperwhats*,
   2010 WL 3464737 (N.D. Cal. Sept. 1, 2010) ......................................................................... 10

*Khasin v. Hershey Co.*,
   2012 WL 5471153 (N.D. Cal. Nov. 9, 2012) .......................................................................... 12

*Kosta v. Del. Monte Corp.*,
   2013 WL 2147413 (N.D. Cal. Nov. 9, 2012) .......................................................................... 12

*Lanovaz v. Twinings, N. Am., Inc.*,
   2013 WL 2285221 (N.D. Cal. May 23, 2015) ........................................................................ 12

*Leonhart v. Nature's Path Foods, Inc.*,
   2015 WL 3548212 (N.D. Cal. June 5, 2015) .................................................................... 14, 15

*McKinnis v. Sunny Delight Bevs. Co.*,
   2007 WL 4766525 (C.D. Cal. Sept. 4, 2007) ............................................................................ 8

*Miller v. Ghirardelli Chocolate Co.*,
   912 F. Supp. 2d 861 (N.D. Cal. 2012) ...................................................................................... 6

*Mills v. Giant of Maryland, LLC*
   441 F. Supp. 2d 104 (D.D.C. 2006) .......................................................................................... 8

*Morgan v. Wallaby Yogurt Co., Inc.*,
   2014 WL 1017879 (N.D. Cal. 2014) ....................................................................................... 12

*Ogden v. Bumble Bee Foods, LLC*,
   292 F.R.D. 620 (N.D. Cal. 2013) ............................................................................................ 12

*Pardini v. Unilever U.S.*,
   2015 WL 1744340 (N.D. Cal. Apr. 15, 2015) ......................................................................... 14

*Patton v. Klein*,
   746 A.2d 866 (D.C. App. 1999)..................................................................................................4

*Readylink Healthcare, Inc. v. State Compensation Ins. Fund*,
   754 F.3d 754 (9th Cir. 2014).......................................................................................................3

*Red v. Kraft Foods, Inc.*,
   2012 WL 5504011 (C.D. Cal. Oct. 25, 2012)..............................................................................6

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   781 F. Supp. 2d 955 (N.D. Cal. 2011) .......................................................................................13

*U.S. v. Bhatia*,
   545 F.3d 757 (9th Cir. 2008).......................................................................................................3

*Valencia v. Volkswagen*,
   2015 WL 4760707 (N.D. Cal. Aug. 11, 2015)..........................................................................13

*Viggiano v. Hansen Natural Corp.*,
   944 F. Supp. 2d 877 (C.D. Cal. 2013).........................................................................................7

*White v. City of Pasadena*,
   671 F.3d 918 (9th Cir. 2012).......................................................................................................3

*Williams v. Gerber Prods. Co.*,
   552 F.3d 934 (9th Cir. 2008)...................................................................................................5, 6

*Wills v. RadioShack Corp.*,
   981 F. Supp. 2d 245 (S.D.N.Y. 2013).........................................................................................3

*Wilson v. Frito-Lay North America, Inc.*,
   2015 WL 4451424 (N.D. Cal. July 20, 2015)...........................................................................14

**Other Authorities**

21 C.F.R. § 136.110 ...........................................................................................................................7

21 C.F.R. § 136.115 ...........................................................................................................................7

Fed. R. Civ. Pro. Rule 9(b)........................................................................................................ *passim*

# INTRODUCTION

Plaintiff's opposition provides no obstacles to dismissal with prejudice.  <u>First</u>, Plaintiff seeks to dodge judicial scrutiny of her wheat allegations (which are premised on the notion that any reference to wheat on bread packaging implies the presence of a "significant amount of whole wheat") by arguing that a D.C. Superior Court minute order denying a motion to dismiss in a prior lawsuit "bars" Flowers' arguments here.  Plaintiff is wrong.  The denial of a motion to dismiss in one lawsuit does not result in issue preclusion in another.  Moreover, the issues raised here are not identical to the issues raised in the D.C. litigation, particularly given that reliance was not an element in the D.C. litigation, and Plaintiff made several damaging admissions in this litigation supporting dismissal.  Even if the requirements for issue preclusion were satisfied, this Court has broad discretion to adjudicate Plaintiff's deficient wheat allegations.

<u>Second</u>, Plaintiff's wheat allegations fail as a matter of law.  Plaintiff does not allege a plausible theory of reasonable reliance, nor does she satisfy the reasonable consumer standard, because Plaintiff all but concedes that the labeling challenged in the wheat allegations is accurate and does not say whole wheat, much less indicate that the breads contain a "significant amount of whole wheat."  Plaintiff principally argues that truthful statements may be deceptive when the packaging is viewed "as a whole," but then contradicts herself by urging the Court to ignore prominent aspects of the packaging that render her allegations unreasonable—including that the front packaging of Whitewheat® bread includes the words "White Bread."  Finally, Plaintiff's wheat allegations run afoul of this Court's May 26, 2015 Order and are preempted because they are not based on a "straightforward claim of misrepresentation."  Rather, Plaintiff seeks to require Flowers to correct a purported misunderstanding garnered from its use of "Honey Wheat" and "Whitewheat®," despite the fact that the breads are already properly identified as enriched white breads pursuant to federal regulations

<u>Third</u>, Plaintiff fails to allege reliance with respect to her all-natural allegations.  Plaintiff knows how to allege reliance when she wants to – she explicitly alleged that she relied on Nature's Own packaging with respect to her wheat and AZO allegations.  In contrast, Plaintiff's all-natural allegations are artfully drafted to merely *imply* reliance.  As a matter of law, vague

1  allegations of reliance do not suffice.

2  <u>Fourth</u>, the all-natural and AZO allegations fail to satisfy Rule 9(b) because the FAC is vague and open-ended about which ingredients are being challenged, and why they are being challenged. Requiring Flowers to guess what products and ingredients might ultimately be at issue in this lawsuit is fundamentally at odds with Rule 9(b), and Plaintiff offers no explanation for her repeated failure to provide complete allegations in her complaint.

<u>Fifth</u>, because the FAC is open-ended about which ingredients and products are at issue, there is no way to ascertain whether the four products that Plaintiff allegedly purchased are "substantially similar" to all of the products intended to be challenged by the FAC. Thus, Plaintiff's allegations do not establish standing to challenge non-purchased products.

<u>Sixth</u>, as to Plaintiff's failure to allege which state's law governs her common law claims, Plaintiff misses the point when she argues that it is premature to address choice-of-law issues. Plaintiff does not address, much less rebut, Flowers' authorities demonstrating that failure to specify the governing law is a pleading defect issue.

<u>Seventh</u>, at least five other food labeling cases in the Northern District of California are stayed pending resolution of *Brazil* and *Jones*. Plaintiff cites no case denying a motion to stay pending *Brazil* and *Jones*, and she offers no reason why this Court should be the first.

## ARGUMENT

### I. Plaintiff's Arguments Against Dismissal Lack Legal Support And Should Be Rejected.

#### A. The <u>Wheat Allegations</u> Fail To Support Any Claim As A Matter Of Law.

##### 1. Issue Preclusion Does Not Apply.

On November 21, 2014, in a prior lawsuit filed by a different plaintiff alleging a different cause of action governed by different law, the D.C. Superior Court issued a minute order denying a motion to dismiss filed by Flowers. That minute order did not state the reason for the denial, and the court issued no other written order explaining the outcome. Ex. G to RJN (Doc. No. 49-7). Plaintiff's argument that the minute order results in issue preclusion (or "collateral estoppel") that "bars" judicial scrutiny of her wheat allegations—no matter how defective they are—fails for

three separate and independent reasons.

First, under the law of the District of Columbia, "as a general rule, an order not final for the purpose of appeal lacks the required finality to support collateral estoppel."[1] *Davis v. Davis*, 663 A.2d 499, 503 (D.C. App. 1995). "The denial of a motion to dismiss is not a final order." *Crown Oil & Wax Co. of Delaware v. Safeco Ins. Co. of Am.*, 429 A.2d 1376 (D.C. App. 1981). Even under federal law, which Plaintiff primarily cites, "denials of pre-trial motions are not considered final, appealable judgments" supporting issue preclusion. *U.S. v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008). Thus, several courts have rejected arguments that the denial of a defendant's motion to dismiss in an earlier lawsuit results in issue preclusion in a later, separate class action. *See Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 285 (5th Cir. 2006) ("the *Prescott* motion-to-dismiss denial cannot be given preclusive effect in this action"); *Wills v. RadioShack Corp.*, 981 F. Supp. 2d 245, 265 (S.D.N.Y. 2013) ("the *Sisson* court's [partial denial of a motion to dismiss] on which Wills relies fails a requirement for offensive collateral estoppel: It is not 'a valid and final judgment on the merits'").

Plaintiff cites no case to the contrary. Instead, citing *Davis*, Plaintiff suggests that a recent settlement of the D.C. litigation renders the D.C. Superior Court minute order "final" for purposes of issue preclusion. Opp'n, at n. 8. That is incorrect. *Davis* held that issue preclusion applied where the plaintiff had, as an improper litigation tactic, voluntarily dismissed his action after receiving an adverse interim order, and then filed an identical action so he could contest the issue again. *Davis*, 663 A.2d at 500, 504. That is not the situation here.[2]

---

[1] The law of the District of Columbia governs whether issue preclusion applies because the November 21, 2014 Order was issued by the District of Columbia Superior Court. *See White v. City of Pasadena*, 671 F.3d 918, 926-27 (9th Cir. 2012) ("In determining the preclusive effect of a . . . state court judgment, we follow the state's rules of preclusion").

[2] Plaintiff also relies on *In re DirectTV Early Cancellation Litig.*, 738 F. Supp. 2d 1062, 1078 (C.D. Cal. 2010), which is plainly distinguishable because the court held the denial of a motion to compel arbitration and <u>later affirmance on appeal</u> resulted in issue preclusion in a later lawsuit involving <u>the same arbitration clause</u>. Moreover, the *DirectTV* court explained that the outcome would be the same even if issue preclusion did not apply. *Id.* at 1078. Other cases cited by Plaintiff contradict her position because issue preclusion applied after final judgment and appeal, which is not the case here. *See Readylink Healthcare, Inc. v. State Compensation Ins. Fund*, 754 F.3d 754, 760 (9th Cir. 2014); *Appling v. State Form Mut. Auto. Ins. Co.*, 340 F.3d 769, 755 (9th Cir. 2003).

Second, "collateral estoppel does not apply if the issues are not identical, even if the issues are similar." *Patton v. Klein*, 746 A.2d 866, 870 (D.C. App. 1999) (internal quotation omitted). Unlike here, the D.C. litigation involved a single cause of action under D.C.'s Consumer Protection Procedures Act ("CPPA"). In contrast to the statutes and causes of action at issue in this case, the CPPA does not require reliance. *See*, *e.g.*, *Dahlgren v. Audiovox Comms. Corp.*, 2010 WL 2710128 *8 (D.C. Super. July 8, 2010) ("[Plaintiff] need not prove reliance" in a CPPA claim alleging misrepresentations or omissions). Hence, Plaintiff's statement in her opposition brief that the parties in the D.C. litigation "spent significant briefing" "challenging" the plaintiff's reliance is wrong. Opp'n, p. 7:7-9. The parties did not address the element of reasonable and justifiable reliance at all. *See* Exs. B-C, E to RJN (Doc. Nos. 49-2, 49-3, 49-5).

Moreover, as shown in Flowers' opening brief, Plaintiff made several admissions that set this case apart from the D.C. litigation. For example, she attached to the FAC color photographs that contradict her claims, including by showing that Whitewheat® bread is labeled "White Bread." And, Plaintiff here admitted that the label "ENRICHED BREAD" signifies that Honey Wheat and Whitewheat® breads are white breads, not whole wheat breads. *See* Flowers' Opening Brf., at pp. 11-12 (Doc. No. 44). As shown in Flowers' opening brief, these admissions are relevant not only to reliance, but also to the reasonable consumer and preemption issues. *See id.*, at pp. 12-15.

Third, a court has "broad discretion" to decline to apply issue preclusion even where the requirements for the doctrine are met. *Hynix Semiconductor, Inc. v. Rambus, Inc.*, 897 F. Supp. 2d 939, 973 (N.D. Cal. 2012). The D.C. Superior Court issued no written order explaining the denial in the minute order, leaving this Court with no way to independently ascertain the merits of the ruling, or the extent to which the D.C. Superior Court analyzed any of the issues that Plaintiff contends are "identical" to the issues raised here. *See* Ex. G to RJN (Doc. No. 49-7). Moreover, it would make no sense to blindly defer to the 2014 minute order when this Court already addressed preemption in its May 6, 2015 Order dismissing the original complaint, and provided specific guidance as to how Plaintiff must plead her wheat allegations in the FAC to avoid

1   preemption under the Ninth Circuit's recent decision in *Astiana*.³ *See* May 6, 2015 Order, p.

2   10:7-13 (Doc. No. 35).  As shown in Section I(A)(4) below, Plaintiff's wheat allegations fall

3   squarely within the type of claims that this Court explained would be preempted—which likely

4   explains Plaintiff's attempt to avoid the merits of Flowers' arguments by invoking issue

5   preclusion now.

### 2. Plaintiff Fails To Allege Reasonable And Justifiable Reliance To Support Her Wheat Allegations.

Plaintiff fails to adequately allege reasonable and justifiable reliance with respect to her wheat allegations.⁴  First, Plaintiff's principal argument is that under *Williams*, truthful packaging, when viewed "as a whole," can be deceptive and induce reasonable reliance.  Opp'n, at 10 (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934 (9th Cir. 2008)).  The flaw with that argument is that Plaintiff does not want the Court to view the packaging "as a whole," because she urges the Court to ignore other prominent aspects of the products and their packaging, such as:

- The presence on the packaging of the words "White Bread," "Healthy White" and/or "Enriched Bread" (the latter of which Plaintiff alleged is a type of white bread).  *See* FAC, Ex. B; Original Compl., ¶¶ 52, 60 (Doc. No. 1-1).

- The absence of any reference to "whole wheat" on the challenged labeling statements. *See* FAC, ¶¶ 65, 83, 85.

- The fact that photographs attached to the FAC show that Whitewheat® and Honey Wheat look different from the Nature's Own whole wheat breads that Plaintiff also bought, and that the packaging on whole bread breads say "whole wheat."  *See* FAC, Exs. A-B.

- The fact that references to the healthful qualities of Honey Wheat and Whitewheat® breads are consistent with Plaintiff's admission that they are enriched breads that contain added nutrients lost during the milling process.  *See* FAC, ¶68; Original Compl., ¶¶ 50, 52, 60 (Doc. No. 1-1).

---

³ Moreover, Plaintiff indicates that issue preclusion should not apply where there are prior inconsistent rulings, and then—curiously—contends that she "is unaware of inconsistent rulings regarding preemption, reliance and the reasonable consumer standard regarding Defendant's products." Opp'n, 9:17-18; 9:28-10:1.  Plaintiff apparently overlooks this Court's May 6, 2015 Order granting Flowers' motion to dismiss her original complaint.

⁴ In her opposition brief, Plaintiff does not dispute that all of her claims are based on alleged misrepresentations, and that she must therefore adequately allege reliance with respect to all of her claims, including her claims for unjust enrichment and breach of warranty. *See* Opp'n, 10:7-14:11; *see also* Flowers' Opening Brf., at p. 9, n. 2 (Doc. No. 44).

1  In short, Plaintiff is trying to have it both ways by arguing that the Court should view the

2  packaging "as a whole," but ignore prominent aspects of the packaging that contradict her theory.

3  <u>Second</u>, both of the cases on which Plaintiff primarily relies, *Williams* and *Miller*, are

4  distinguishable. Unlike here, the packaging in *Williams* and *Miller* depicted ingredients that were

5  not actually used in the products: specifically, oranges and other fruits in the case of *Williams*,

6  and white chocolate in the case of *Miller*. *Williams*, 552 F.3d at 936; *Miller v. Ghirardelli*

7  *Chocolate Co.*, 912 F. Supp. 2d 861, 863 (N.D. Cal. 2012). Here, in contrast, Plaintiff challenges

8  generic references to wheat on Nature's Own packaging, but simultaneously acknowledges that

9  wheat is the principal ingredient in Nature's Own bread. *See*, *e.g.*, Opp'n to Motion to Dismiss

10 Original Complaint, at 20:16-17 ("the primary ingredient in virtually all bread is flour derived in

11 some way from wheat") (Doc. No. 22). That distinction brings this case within the rule in *Cook*

12 and other Ninth Circuit authorities holding that vague or generalized statements about a product

13 cannot support a fraud-based claim.[5] *E.g.*, *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection*

14 *Servs., Inc.*, 911 F.2d 242, 246 (9th Cir. 1990); *see also Red v. Kraft Foods, Inc.*, 2012 WL

15 5504011 at *3 (C.D. Cal. Oct. 25, 2012) (distinguishing *Williams* because, like here, the product

16 labeling did not falsely depict ingredients that were not used in the product).

17 <u>Third</u>, the fact that the Ninth Circuit's decision in *Cook*, and not *Williams*, controls here is

18 confirmed by Plaintiff's inability to distinguish *Rooney*, a food labeling decision that followed

19 *Cook* when dismissing a complaint with prejudice. *Rooney* involved a challenge to sugar

20 packaging that referred to the sugar as "raw." As Plaintiff acknowledges in her opposition, the

21 court dismissed the claims in *Rooney* because the "product at issue actually was in fact 'raw' cane

22 sugar." Opp'n, 12:3-4. The same situation is present here: Nature's Own packaging refers to

23 "wheat," and Plaintiff admits that Nature's Own breads are made with wheat.

---

[5] Plaintiff also cites *Kasky* and *Henderson*, but neither is instructive. *Kasky* addressed a First Amendment issue only, and assumed for purposes of the decision that the statements at issue were false. *See Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 946 (2002). *Henderson* is distinguishable because, unlike here, the plaintiff's theory was that any statement suggesting that a product was healthy was necessarily false due to the presence of trans fats, which plaintiff alleged was unhealthy in any amount. *Henderson v. J.M. Smucker Co.*, 2011 WL 1050637, at *1 (C.D. Cal. March 17, 2011).

1    Fourth, Plaintiff has no persuasive argument that it was reasonable for her to believe that the breads at issue contained a "significant amount of whole wheat" when: (1) the words "ENRICHED BREAD" are in capitalized letters on the front packaging; and (2) Plaintiff admits that "all enriched breads are white breads." Original Compl., ¶ 52 (Doc. No. 1-1.) Plaintiff's assertion that the words are in "small font" is unavailing because the FAC does not allege that the words are inadequately displayed on the packaging. To the contrary, the photographs attached to the FAC show that the label is easy to spot on the front packaging and is not buried in a mass of other text. Ex. B to FAC.

Fifth, Plaintiff does not deny that the front packaging of Whitewheat® bread includes the words "White Bread," and she neither alleges in her FAC, nor argues in her opposition, how her purported reliance was reasonable in light of that label. Opp'n, 13:13-15. Her only response is to argue, incorrectly, that Whitewheat® must be labeled either "enriched bread" or "white bread," but not both. Putting aside her admission that enriched bread is a type of white bread, and that federal regulations do not prohibit both labels (*see* 21 C.F.R. §§ 136.110; 136.115), her argument is an obvious red herring because it has nothing to do with the issue of justifiable reliance.[6]

### 3. Plaintiff Fails To Distinguish Flowers' Authorities Demonstrating That The Reasonable Consumer Standard Is Not Satisfied.

In her opposition brief, Plaintiff cites no authority contradicting or rebutting the rule in *Viggiano* that "no reasonable consumer could be misled by [a] label" that is consistent with the statement of ingredients. *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 892 n. 38

---

[6] Plaintiff asserts a jumble of other undeveloped arguments that can easily be rejected. First, Plaintiff's argument that reliance cannot be decided on a motion to dismiss ignores the fact that courts routinely address the adequacy of reliance allegations on a motion to dismiss, as this Court did in its May 6, 2015 Order. Second, Plaintiff speculates that some consumers might confuse Whitewheat® for albino wheat, but the FAC does not allege that was her situation and, in any event, there is nothing on the packaging suggesting it is *whole* albino wheat. Third, Plaintiff contends that federal regulations prohibit the use of the word "wheat" in a product name, but this Court correctly rejected that argument in its May 6, 2015 Order. May 6, 2015 Order, 9:28-10:4 (Doc. No. 35). Fourth, Plaintiff argues that there would be no reason for Flowers to refer to the presence of wheat on its packaging other than to deceive consumers, but that is just speculation about Flowers' intent, and does not go to the adequacy of her reliance allegations. Moreover, as this Court noted in its May 6, Order, the presence of wheat in products is important information "in an era where consumers are increasingly gluten conscious." *Id.* at, n. 2.

(C.D. Cal. 2013). Plaintiff's argument that consumers should not have to "scrutinize the fine print on product labels" misses the point: there is no dispute that the breads at issue are made with wheat, and that is all that is indicated by the product names and labeling at issue.

Indeed, Plaintiff's analysis of the *McKinnis* decision highlights the flaw in her wheat allegations. She argues that *McKinnis* is distinguishable because the court held that the "depiction of fruit on a product label is not a specific affirmation that a product contains *any fruit at all*." Opp'n, 15 (emphasis in original) (quoting *McKinnis v. Sunny Delight Bevs. Co.*, 2007 WL 4766525, at *4 (C.D. Cal. Sept. 4, 2007)). And yet, by the same token, a reference to "wheat" or health is not a "specific affirmation" that Nature's Own products contain a "significant amount of *whole* wheat." Plaintiff falls back on her vague argument that Flowers' packaging, "taken as a whole," somehow conveys an "unmistakable message" that the breads are whole wheat breads. But, Plaintiff does not (and cannot) reconcile that argument with her own concession that the outcome in *McKinnis* was based on the absence of any "specific affirmation" that the product contained fruit. Opp'n, 15. The same outcome is warranted here.

### 4. Plaintiff's Preemption Arguments Cannot Be Reconciled With This Court's May 6, 2015 Order.

<u>First</u>, this Court has already determined that wheat claims like those alleged in the FAC would be preempted. In its May 6, 2015 Order, the Court explained that to the extent Plaintiff's theory of misrepresentation would require Flowers to "correct any misunderstanding garnered from its use of 'Honey Wheat' and 'Whitewheat,' by affirmatively stating that the products do not contain 'whole wheat,' that claim would be preempted." May 6, 2015 Order, 10:9-13. Plaintiff necessarily seeks exactly that, because if her theory of liability were adopted, then bread producers like Flowers would either be prohibited from referring to the principal ingredient in bread (wheat), which this Court explained would likely be unworkable, or would have to affirmatively state that breads do not contain a significant amount of whole wheat.

Moreover, Plaintiff's wheat allegations are preempted under *Mills* and *Astiana* because she seeks to "to supplement . . . not enforce compliance with [] existing [federal] requirements." *Mills v. Giant of Maryland*, *LLC*, 441 F. Supp. 2d 104, 108 n.5 (D.D.C. 2006); *Astiana v. Hain*

1  *Celestrial Grp, Inc.*, 783 F. 3d 753, 757 (9th Cir. 2015) ("the FDCA bars states from imposing
2  new or additional labeling 'requirements' . . . ."). As Plaintiff acknowledges, Honey Wheat and
3  Whitewheat® breads are "enriched breads" that are subject to federal standards of identity, and
4  exhibits attached to the FAC show that they are so labeled. Ex. B to FAC. The parties also agree
5  that wheat is the primary ingredient in enriched bread. *See*, *e.g.*, FAC ¶ 73. By signifying that
6  Honey Wheat and Whitewheat® contain wheat, Flowers simply identifies the primary ingredient
7  in these enriched breads. Thus, even though Plaintiff denies it, she essentially (i) alleges that the
8  federal standards of identity for enriched bread are inadequate to prevent confusion, and (ii) seeks
9  to supplement federal law by requiring Flowers to affirmatively state that its Honey Wheat and
10 Whitewheat® breads do not contain a significant amount of "whole wheat."

11 What is more, that Plaintiff seeks to supplement (rather than enforce) the existing federal
12 standards of identity is further demonstrated by her argument that the Court was incorrect when it
13 previously held that federal standards of identity do not prevent Flowers from using the term
14 "wheat" on its breads. Opp'n, 17:3-14. In its Order, this Court held that the claims in Plaintiff's
15 original complaint "appear[ed] to depend on a misreading of the applicable standards of identity
16 to conclude" that the only time wheat is permitted to be used as part of the name is for "whole
17 wheat bread." May 26, 2015 Order, 9:28-10:4. Yet Plaintiff again relies on this same absurd
18 misreading of the standards of identity to "insist[]" that bread product names must be limited to
19 generic terms such as "'bread,' 'white bread,' or 'enriched bread' and none other." Opp'n, 17:8-
20 10. But the Court has already specifically rejected that argument—going so far as to observe that
21 "prohibiting a bread manufacturer from prominently noting that its products contain wheat may
22 be unworkable." May 26, 205 Order, 10 n. 2. As a result, Plaintiff cannot now legitimately argue
23 that she merely seeks to enforce federal standards of identity.

24 Second, the wheat claims in the FAC are clearly unlike claims this Court explained would
25 not be preempted. This Court previously explained that to the extent "Plaintiff's theory is that the
26 challenged products simply and overtly misstate the amount of whole wheat in each product, that
27 straightforward claim of misrepresentation is unlikely to be preempted." May 6, 2015 Order,
28 10:7-9. However, Plaintiff points to no such allegation in her FAC, because there is none.

Instead, the sole basis of Plaintiff's wheat allegations is that the packaging refers to wheat. But that is a far cry from a "simple" and "overt" statement that the breads contain a "<u>significant</u> amount of whole wheat."

### B. The <u>All-Natural</u> And <u>AZO Allegations</u> Fail To Support Any Claim As A Matter Of Law.

#### 1. The <u>All-Natural Allegations</u> Are Deficient Because Plaintiff Does Not Unambiguously Allege That She Saw And Relied On Any Nature's Own Labeling That A Product Was "All-Natural."

Plaintiff does not rebut Flowers' authorities holding that, "at a minimum," a plaintiff must unambiguously allege that she saw and relied on the defendant's representation. *E.g.*, *Gitson v. Trader Joe's Co.*, 2014 WL 1048640 at *8 (N.D. Cal. March 14, 2014). In her opposition, Plaintiff does not explain why, when it comes to her whole wheat and AZO allegations, she explicitly alleged in the FAC that she "saw" and relied on Nature's Own labeling, but not when it comes to her "all-natural" allegations. *See* FAC, ¶¶ 13, 89 (alleging that Plaintiff "saw" and "read" Nature's Own labeling relevant to AZO and wheat allegations). The difference in the allegations is suspect because Plaintiff is attempting to challenge a wide array of products that she never bought, and shortly before Plaintiff filed her FAC, Flowers informed her counsel that Nature's Own "all-natural" breads were not sold in California.

Although Plaintiff argues that the FAC "clearly alleges" reliance, the allegations that she cites are the same allegations cited and discussed in Flowers' opening brief. At best, those allegations attempt to artfully *imply* that Plaintiff saw and relied on Nature's Own "all natural" labeling, but Plaintiff cannot evade dismissal with ambiguous reliance allegations. *See, e.g.*, *KEMA, Inc. v. Koperwhats*, 2010 WL 3464737, *11 (N.D. Cal. Sept. 1, 2010) ("ambiguous allegations with respect to reliance are insufficient to plead a claim of fraud"). Further, Plaintiff does not argue that, if given leave to amend, she could make clear and unambiguous reliance allegations similar to those she made with respect to her wheat and AZO allegations. Accordingly, the all-natural allegations can and should be dismissed with prejudice.

#### 2. The <u>All-Natural</u> And <u>AZO Allegations</u> Fail To Satisfy Rule 9(b).

Relying primarily on *Ham v. Hain Celestial Grp., Inc.*, 2014 WL 4965959, *1 (N.D. Cal.

1  Oct. 3, 2014), Plaintiff argues that her pleadings satisfy Rule 9(b) because, in her view, Flowers
2  "can easily determine which products are at issue" based on her pleadings. Opp'n, 18:18-19:6.
3  *Ham*, however, is distinguishable because it involved one type of product (waffles), one
4  challenged ingredient (SAPP), and one challenged label ("all-natural"). Thus, the defendant in
5  *Ham* could identify the universe of products at issue simply by determining which of its "all
6  natural" waffles contained SAPP.

7  Here, in contrast, the FAC is open-ended and vague about which ingredients are at issue,
8  and why those ingredients are allegedly inconsistent with the labeling. In this regard, Plaintiff
9  implies that the ingredients at issue in the AZO allegations are limited to AZO, ascorbic acid,
10 citric acid and sodium citrate, but that is not what is alleged in the FAC. *See* Opp'n, 19:14-16.
11 Instead, the FAC contains vague allegations that Flowers' breads are made with "other
12 chemicals" in addition to AZO, "such as" ascorbic acid, citric acid and sodium citrate. FAC ¶ 28.
13 Equally important, the AZO allegations are premised on the theory that certain ingredients are
14 inconsistent with the label "no artificial preservatives, colors or flavors," but Plaintiff does not
15 plead whether other, unidentified ingredients purportedly at issue in the FAC qualify as
16 "artificial," or as "preservatives," "colors" or "flavors." Thus, unlike the defendant in *Ham*,
17 Flowers cannot simply review its records to determine what other ingredients Plaintiff *might* later
18 decide are inconsistent with the labeling.

19 As to the all-natural allegations, Plaintiff's argument that ¶¶ 46-53 of the FAC contains an
20 "exhaustive" list of the allegedly artificial ingredients at issue is likewise inconsistent with her
21 pleadings. Opp'n, 19:24-20:1. Paragraph 46 of the FAC alleges that Nature's Own breads contain
22 "a number" of synthetically produced ingredients, "<u>including</u>" nine different listed ingredients.
23 FAC ¶ 46. Confusingly, the FAC then follows with allegations about some but not all of the
24 example ingredients listed in ¶ 46, and adds an additional allegation about raisin juice, which is
25 not an example ingredient listed in ¶ 46. *Id.* at ¶¶ 47-53. Plaintiff must comply with Rule 9(b) by
26 clearly alleging which ingredients she contends are inconsistent with the challenged labeling, and
27 why. Without that rudimentary information, Flowers has no way to determine which products are
28 at issue. As Plaintiff has now twice failed to provide this information, her claims should be

dismissed with prejudice.[7]

### 3. The <u>All-Natural</u> And <u>AZO Allegations</u> Fail To Support Standing With Respect To Non-Purchased Products.

Plaintiff makes two principal arguments concerning the substantial similarity test, neither of which have merit. <u>First</u>, Plaintiff erroneously suggests that the "substantial similarity" standard turns on whether the plaintiff has adequately alleged that other class members suffered the same injury. Opp'n, 20:11-12. That is not the law, and in the case cited by Plaintiff, *Brazil*, the court looked to whether the allegations sufficiently alleged that non-purchased and purchased products were substantially similar. *See Brazil v. Dole Food Co., Inc.*, 2013 WL 5312418, at *7 (N.D. Cal. Sept. 23, 2013).

<u>Second</u>, Plaintiff argues that she may assert claims based on non-purchased products so long as all the products "contain the same contested ingredients across product lines." Opp'n, 20:22. She further attempts to distinguish *Lanovaz* by explaining that differences in the ingredients among the challenged products prevented the plaintiff in that case from pursuing claims based on non-purchased products. *Id.* at 21:12-15 (discussing *Lanovaz v. Twinings, N. Am., Inc.*, 2013 WL 2285221 (N.D. Cal. May 23, 2015)). The flaw in that argument is that, as shown in Section I(B)(2) above, the allegations in the FAC do not identify all of the ingredients at issue, or the reason that they are allegedly inconsistent with the labeling. It therefore follows that it is impossible to know the full range of products at issue in this lawsuit. And, without that information, Plaintiff cannot demonstrate substantial similarity between the four products that she bought, and the uncertain number of products that she seeks to challenge.[8]

---

[7] Plaintiff cites several other inapposite decisions that did not address whether the complaint adequately alleged all of the products and ingredients at issue, and some of which did not address Rule 9(b) at all. *See Astiana v. Ben & Jerry's Homemade, Inc.*, 2011 WL 2111796, at *5-6 (N.D. Cal. March 26, 2011) (not addressing whether the plaintiff had adequately alleged all products and ingredients at issue); *Kosta v. Del. Monte Corp.*, 2013 WL 2147413, at *14-15 (N.D. Cal. Nov. 9, 2012) (same); *Khasin v. Hershey Co.*, 2012 WL 5471153, at *8 (N.D. Cal. Nov. 9, 2012) (same); *Morgan v. Wallaby Yogurt Co., Inc.*, 2014 WL 1017879, at *8 (N.D. Cal. 2014) (not addressing Rule 9(b)); *Ogden v. Bumble Bee Foods, LLC*, 292 F.R.D. 620 (N.D. Cal. 2013) (same).

[8] Plaintiff also cites *Ang* and *Colucci* for the proposition that the "substantial similarity" test is satisfied where similar products have the same ingredients and labeling. Opp'n, 21:15-21 (citing *Ang v. Bimbo Bakeries US, Inc.*, 2014 WL 1024182, at *6 (N.D. Cal. Mar. 13, 2014) and *Colucci v. Zone Perfect Nutrition Co.*, 2012 U.S. Dist. LEXIS 183050 (N.D. Cal. Dec. 28, 2012). (Continued…)

### C. Plaintiff's Failure To Allege Which Law Governs Her Common Law Claims Is A Pleading Deficiency, Not A Choice-Of-Law Issue.

Plaintiff does not address, much less distinguish, Flowers' authorities dismissing unjust enrichment claims for failing to specify the governing law. *E.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 781 F. Supp. 2d 955, 966 (N.D. Cal. 2011). She also does not argue why the rule of pleading in those cases should not be extended to her claims for fraud, negligent misrepresentation and breach of warranty, nor does she cite any authority contradicting Flowers' argument that the laws governing those claims vary significantly from state to state.

Instead, Plaintiff misstates the issue by arguing that Flowers' "choice-of-law argument is premature." Plaintiff purports to support that proposition by citing three cases in which the defendants unsuccessfully argued that claims under California consumer protection statutes cannot be certified on a nationwide basis.[9] Class certification of Plaintiff's California statutory claims is beside the point because Plaintiff has not provided the rudimentary information of what law she is invoking to sue under for her common law claims. None of the decisions cited by Plaintiff addressed whether a plaintiff is required to allege which law governs her common law claims. Plaintiff must provide that information in her complaint.

## II. Alternatively, The Court Should Stay This Case Pending Resolution Of *Brazil* And *Jones*.

### A. Plaintiff Ignores Five Other Food Labeling Cases In The Northern District That Have Been Stayed Pending The Resolution Of *Brazil* And *Jones.*

To date, at least five different food mislabeling cases in the Northern District of California have been stayed pending the resolution of *Jones* and *Brazil*:

- *Gustavson v. Mars Inc.*, 2014 WL 6986421 (N.D. Cal. Dec. 10, 2014) (staying litigation before the plaintiff's motion for class certification was filed);

- *Parker v. J. M. Smucker Co.*, No. 13-cv-00690-SC, Slip op. (N.D. Cal. Dec. 18, 2014)

---

Given that the FAC does not contain allegations that all challenged products have the same ingredients, *Ang* and *Colucci* are not instructive.

[9] *Valencia v. Volkswagen*, 2015 WL 4760707, at *1 (N.D. Cal. Aug. 11, 2015): *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1237 (N.D. Cal. 2012); *Forcellati v. Hyland's*, 876 F. Supp. 2d 1155, 1159-60 (C.D. Cal. 2012). Plaintiff also cites *JMP Secs. LLP v. Altair Nanotechnologies Inc.*, 880 F. Supp. 2d 1029, 1037 (N.D. Cal. 2012), but that case likewise did not address whether a Plaintiff must plead which law governs her common law claims.

(Doc. No. 74) (staying litigation before resolving class certification motion);

- *Pardini v. Unilever U.S.*, 2015 WL 1744340 (N.D. Cal. Apr. 15, 2015) (granting motion to stay pending resolution of *Jones*);
- *Leonhart v. Nature's Path Foods, Inc.*, 2015 WL 3548212 (N.D. Cal. June 5, 2015) (granting motion to dismiss and motion to stay);
- *Wilson v. Frito-Lay North America, Inc.*, 2015 WL 4451424 (N.D. Cal. July 20, 2015) (granting plaintiffs' motion to stay pending resolution of *Brazil* and *Jones*).

Although Plaintiff argues that stays pending appeal are disfavored, she makes no effort to address or distinguish these contrary decisions. Nor has Plaintiff identified any decision *denying* a motion to stay pending the outcome of *Brazil* and *Jones*, and Flowers is aware of none.

### B. Staying The Litigation Will Not Result In Hardship Or Damage To The Parties And Will Instead Promote The Orderly Course Of Justice.

As this Court explained in *Leonhart* when granting a motion to stay, the legal landscape in food labeling cases could "change significantly when the Ninth Circuit issues its decisions in *Jones* and *Brazil*." *Leonhart*, 2015 WL 3548212, at *3. Thus, if any claims in the FAC survive dismissal, then the parties will have to proceed with the expense and burden of discovery, expert witnesses and preparing for class certification briefing against an uncertain legal backdrop.

There is no merit to Plaintiff's argument that the motion to stay should be denied because of the resulting delay. Opp'n, 23:21-22; 25:14-19. Like the plaintiff in *Leonhart*, Plaintiff does not claim that delay would cause her damage or hardship. *Id.* ("Plaintiff does not . . . identify any harm that a stay would impose upon her, other than frustrating her natural desire to move her case along"). A stay in this litigation would result in a shorter delay than in the five other stayed Northern District cases—most notably *Gustavson*, which was stayed approximately ten months ago on December 10, 2014. Plaintiff's suggestion that the stay may be "indefinite" is likewise unavailing. Opp'n, 23:21-22. According to statistics from the Judicial Council of the Ninth Circuit, in 2014, the median time interval for filing a notice of appeal to final disposition in all Ninth Circuit cases was 12.4 months.[10] The *Jones* and *Brazil* appeals were filed in July 2014 and

---

[10] Judicial Council of the Ninth Circuit 2014 Annual Report, p. 55, at http://www.ce9.uscourts.gov/publications/AnnualReport2014.pdf (last accessed Sept. 14, 2015), attached as Ex. 1 to concurrently-filed RJN in support of Reply Brief ("Flowers' RJN").

1  December 2014, respectively, which suggests that it is unlikely that the requested stay would be
2  lengthy if it were granted.

3  Finally, Plaintiff's argument that the parties will not be affected by the outcome in *Brazil*
4  and *Jones* is erroneous, as those appeals address a multitude of issues relevant in this litigation.

5  First, Plaintiff's over-simplification of *Brazil* and *Jones* ignores that there are many issues
6  in the appeals that are relevant here. As this Court explained in *Leonhart*, the *Brazil* appeal
7  involves whether unjust enrichment claims are duplicative of statutory claims, and the application
8  of standing requirements under California's UCL. *Leonhart*, at *3. This Court similarly noted
9  that *Jones* involves the application of the ascertainability and predominance requirements for
10 class certification and the standing requirements of California's UCL, FAL and CLRA. *Id*.

11 Second, Plaintiff argues that her damages analysis "may" include the "use of conjoint and
12 regression analysis to isolate the price premium," suggesting that if she chooses to do so, *Brazil*
13 or *Jones* would necessarily be irrelevant. Opp'n, 24:2123. To the contrary, one of the issues on
14 appeal in *Brazil* is the denial of class certification based in part on the district court's rejection of
15 the plaintiff's regression analysis. *See* Ex. 2 to Flowers' RJN, at pp 3, 30. The Ninth Circuit's
16 ruling on regression analysis (and damages models generally) in *Brazil* will likely be instructive
17 here. And in any event, as explained above, proof of class-wide damages is not the only issue on
18 appeal in *Brazil* and *Jones*. In short, Plaintiff offers no reason why this Court should be the only
19 court to deny a motion to stay pending resolution of *Brazil* and *Jones*.

## CONCLUSION

21 For all of the reasons shown above and in Flowers' Opening Brief, the First Amended
22 Complaint should be dismissed in its entirety and with prejudice or, to the extent that any claims
23 may survive dismissal, this action should be stayed pending resolution of *Brazil* and *Jones.*

24 Dated:  September 22, 2015                          CROWELL & MORING, LLP

25                                                     By:    /s/ Joel D. Smith

26                                                         Joel D. Smith
                                                        Attorneys for Defendant
27                                                       Flowers Bakeries, LLC

28