Jennifer S. Romano (CSB No. 195953)
jromano@crowell.com
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: (213) 622-4750
Facsimile: (213) 622-2690

Joel D. Smith (CSB No. 244902)
jsmith@crowell.com
Rebecca M. Suarez (CSB No. 284853)
rsuarez@crowell.com
CROWELL & MORING LLP
275 Battery Street, 23rd Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

Attorneys for FLOWERS BAKERIES, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| KELLY ROMERO, on behalf of herself and others similarly situated,<br><br>              Plaintiff,<br><br>       v.<br><br>FLOWERS BAKERIES, LLC dba NATURE'S OWN, a Georgia limited liability company, and DOES 1 through 50, inclusive,<br><br>              Defendant. | Case No. 5:14-cv-05189<br><br><u>CLASS ACTION</u><br><br>**DEFENDANT FLOWERS BAKERIES, LLC'S OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS OR STAY**<br><br>Date:    December 3, 2015<br>Time:   9 a.m.<br>Judge:  Hon. Beth Labson Freeman |

1    Defendant Flowers Bakeries, LLC ("Flowers") hereby opposes Plaintiff Kelly Romero's

2 Request for Judicial Notice and all attached exhibits ("RJN").  (Doc. No. 49.)  Courts do not take

3 judicial notice of irrelevant facts. *See Cybersitter, LLC v. People's Republic of China*, 805 F.

4 Supp. 2d 958, 964 (C.D. Cal. 2011) (courts take "judicial notice only of relevant facts").

5    In her RJN, Plaintiff asks the Court to take judicial notice of briefing on a motion to

6 dismiss, a November 21, 2014 minute order denying the motion to dismiss, and a copy of the

7 docket in *The Nat'l Consumers League v. Flowers Bakeries, LLC*, No. 2013-CA-006550 B (D.C.

8 Super. Ct.) (the "D.C. litigation").  She submits these documents in support of her argument that

9 the  November 21, 2014 minute order denying a motion to dismiss results in offensive, nonmutual

10 collateral estoppel (or "issue preclusion"), such that Flowers is "barred" from arguing that the

11 wheat allegations in Plaintiff's FAC are defective.  *See* Opposition to Motion to Dismiss, 6:20-

12 10:5.  As shown in Flowers' reply brief, however, the denial of a motion to dismiss in the D.C.

13 litigation does not result in issue preclusion, and does not bar Flowers from challenging the

14 adequacy of the wheat allegations in the FAC.  *See* Reply Brief, 2:23-5:4; *see also*, *e.g.*, *Davis v.*

15 *Davis*, 663 A.2d 499, 503 (D.C. App. 1995) ("as a general rule, an order not final for the purpose

16 of appeal lacks the required finality to support collateral estoppel"); *See Fin. Acquisition Partners*

17 *LP v. Blackwell*, 440 F.3d 278, 285 (5th Cir. 2006) ("the *Prescott* motion-to-dismiss denial cannot

18 be given preclusive effect in this action").  Accordingly, Flowers respectfully submits that the

19 Court can and should deny Plaintiff's RJN because the attached documents are irrelevant as a

20 matter of law.

Dated:  September 22, 2015                                    CROWELL & MORING, LLP

By:   /s/ Joel D. Smith

Joel D. Smith
Attorneys for Defendant
Flowers Bakeries, LLC

CROWELL
& MORING LLP
ATTORNEYS AT LAW

1                                     Case No. 5:14-cv-05189
DEFENDANT FLOWERS' OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE